UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. NUTTAL,<br><br>     Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S DEPARTMENT, and DOES 1-50, inclusive,<br><br>     Defendants. | Case No.: CV 06-03274 MMM (SHx)<br><br><br>**PROTECTIVE ORDER** |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

  The Court has read and considered the "Stipulation and Protective Order" that has been jointly submitted by plaintiff DANIEL J. NUTTAL and defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO SHERIFF'S DEPARTMENT ("defendants") in compliance with this Court's order of August 7, 2009 [Document 54] ("Court's production order"), and pertaining to the use and dissemination of personnel files, citizen complaints, and Internal Affairs Investigation reports ordered produced by defendants to plaintiffs in this action. Good cause appearing therefrom, this Court makes the following orders:

-1-

1.      Plaintiff's counsel shall have sole custody and control over any documents subject to the Court's production order.

2.      Documents subject to the Court's production order shall be confidential, except to the extent set forth in this Order, and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and shall not be disclosed or disseminated to other persons, including any other counsel other than as set forth herein.

3.      Plaintiff's counsel alone shall have custody, control and access to the documents, reports and writings subject to the Court's production order, and shall not release or disseminate these reports or files, or the information contained within the reports or files, to other persons, including legal counsel, other than set in paragraph 7 of this Order.

4.      Plaintiff's counsel may make copies of the documents subject to the Court's production order, but plaintiff's counsel shall not release or disseminate such copies or the information contained within such copies other than as set forth herein.

5.      Documents subject to the Court's production order and to be submitted in all law and motion proceedings up to the commencement of trial shall be submitted in accordance with Local Rule 79-5. At the time of trial, the parties shall seek further instructions from this Court regarding the procedure for lodging or filing these documents under seal should plaintiff seek to submit or use documents subject to the Court's production order as exhibits. At the time of trial, plaintiff shall not lodge or file documents subject to the Court's production order until further instructions have been obtained from the Court as to the procedure to be followed.

6.      All disputes regarding the parties' Stipulation and Protective Order shall be submitted pursuant to Local Rule 37.  Plaintiff's counsel shall advise defense counsel if they believe that any documents designated as confidential pursuant to the parties' Stipulation and Protective Order does not warrant that designation.  The parties shall first attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue to the Court.  The parties shall continue to treat the document(s) at issue as confidential and subject to the parties' Stipulation and Protective Order until the Court rules upon the dispute.

7.      The documents subject to the Court's production order shall only be disclosed to the following persons:

> (a)     counsel for any party to this action;
>
> (b)     paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);
>
> (c)     court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;
>
> (d)     any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties;
>
> (e)     any "in-house" or outside experts designated by the defendants to testify at trial in this matter; and
>
> (f)     any party or witnesses to this action.

8.      Any documents disclosed shall include a copy of this Order and written instructions from counsel directing compliance with this Order, and no such document disclosed shall be transmitted or turned over to the possession of the individual plaintiff.

9.      If, in connection with any deposition taken in this action, plaintiff's attorneys question a witness regarding materials subject to the Court's production order, or uses documents subject to this Court's production order as deposition exhibits, at the request of defense counsel, the transcripts of such deposition testimony and the attached exhibits shall be designated as confidential material and shall be subject to the provisions of this Order.

10.     Nothing in this Order shall not prevent officials or employees of the County of San Bernardino or other authorized government officials from having access to the documents subject to the Court's production order if they would have had access to these documents in the normal course of their job duties.

11.     Nothing in this Order shall constitute a waiver by defendants of the privileges and rights afforded to them, including, but not limited to, the right to privacy embodied by the United States Constitution, nor of the right to object at the time of trial as to the admissibility of documents subject to the Court's production order, nor preclude defendants from filing pre-trial motions with regard to the admissibility of documents subject to the Court's production order or the information contained therein.

12.     Nothing in this Order shall constitute an agreement or stipulation by plaintiff's counsel that any privilege asserted by defendants applies or attaches to the documents subject to the Court's production order.  However, plaintiff shall maintain the documents subject to the Court's production order in accordance with the terms of this Order.

///

///

///

-4-

13.     This Order shall be in effect until further Order of the Court or further stipulation by counsel for the parties.

Dated: August 18, 2009

_____/ S /_____

The Honorable Stephen J. Hillman
United States Magistrate Judge

Submitted By:

Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
e-mail: mko@mmker.com; tjk@mmker.com

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO and
SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

C:\Temp\notesE1EF34\Protective Order.002.wpd